UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA JEANNE CARL,

        Plaintiff,                          Case No. 13-10747

v.                                            Paul D. Borman
                                                United States District Judge
COMMISSIONER OF
SOCIAL SECURITY,                       R. Steven Whalen
                                                United States Magistrate Judge

        Defendant.
_____/

OPINION AND ORDER: (1) DENIES PLAINTIFF'S OBJECTIONS (ECF NO. 22); (2)
ADOPTS MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 21); (3)
DENIES PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 13); AND (4)
GRANTS DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 19)

      Before the Court is Plaintiff's Objections to Magistrate Judge R. Steven Whalen's February 28, 2014 Report and Recommendation. (ECF No. 22, Objections). Defendant Commissioner did not file a response. Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court denies Plaintiff's Objections, adopts the Magistrate Judge's Report and Recommendation, denies Plaintiff's Motion for Summary Judgment, and grants the Defendant Commissioner's Motion for Summary.

**I. BACKGROUND**

**A.**      **Procedural Background**

      The Administrative Law Judge's ("ALJ") findings and the pertinent portions of the Administrative Record are accurately and adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts them here. (ECF No. 21, Report and

Recommendation at 1-11). Briefly, the Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on April 8, 2010, alleging a disability onset date of August 6, 2007. (Tr. 123-329, 130-34). Plaintiff's application was denied and she requested a hearing before an Administrative Law Judge ("ALJ"). The hearing was held on August 11, 2011 before ALJ Paul Jones, Plaintiff was represented by counsel, and a Vocational Expert ("VE") testified at the hearing. (Tr. 25, 29-48, 48-52).

On September 23, 2011, the ALJ issued a written decision denying in part and granting in part Plaintiff's claims. (Tr. 12-21). The ALJ found that since August 6, 2007 (the date of Plaintiff's heart attack and alleged onset date of disability), Plaintiff has had the severe impairments of: a "history of myocardial infarction; coronary artery disease, status post revascularization; angina; headaches; tobacco abuse; anxiety disorder". (Tr. 14). However, the ALJ also found that those impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments. (Tr. 16). Then the ALJ determined that, as of her alleged onset date, Plaintiff had the residual functional capacity ("RFC") to perform unskilled, sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.967(b) with the following restrictions: "she can lift and carry 10 pounds occasionally; she can sit six hours, and stand and or walk two hours, in an 8-hour workday; she is limited to performing simple, routine and repetitive tasks." (Tr. 17). The ALJ also determined that since August 6, 2007, Plaintiff had been unable to perform any of her past relevant work but that prior to her birthday on January 17, 2010, there were jobs that existed in significant numbers in the "lower peninsula of Michigan" that Plaintiff was capable of performing. Therefore, the ALJ found that Plaintiff was not disabled between the dates of August 6, 2007 and January 16, 2010. (Tr. 17-20). However,

by "direct application of Medical-Vocational Rule 201.14" the ALJ also determined that her inability to perform work at a greater exertional level than sedentary rendered her disabled as of her 50th birthday, January 17, 2010. (Tr. 19-21, *see also* SSR 82-41). On December 18, 2012, the Appeals Counsel denied her request for review. (Tr. 1-3). Thereafter, on February 21, 2013, Plaintiff filed her complaint in this Court seeking judicial review of the Defendant Commissioner's decision. (ECF No. 1).

The parties filed cross motions for summary judgment which were referred for decision to Magistrate Judge Whalen. (ECF Nos. 13 & 19). On February 28, 2014, the Magistrate Judge issued a Report and Recommendation which recommended denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment. (ECF No. 21). The Magistrate Judge found that there was substantial evidence in the record to support: (1) the ALJ's treatment of the medical opinions of Plaintiff's treating physicians, Dr. Kleiber and Dr. Gibson, (2) the ALJ's assessment of Plaintiff's credibility, and (3) the fact that the job numbers cited by the VE constituted a "significant number". (ECF No. 21). Thereafter, Plaintiff filed her Objections to the Report and Recommendation. (ECF No. 22).

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. FED. R. CIV. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial

evidence, shall be conclusive ... "); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247.

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human*

4

*Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## III. ANALYSIS

Plaintiff asserts in her objections that she "incorporates" all the arguments previously set forth in her motion for summary judgment and reply brief. (ECF No. 22 at 2). As an initial matter, the Court rejects Plaintiff's attempt to use her objections as a conduit to generally reassert every argument set forth in her motion for summary judgment. As noted *supra*, "[t]he parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider" lest the initial reference to the magistrate judge becomes a useless formality.  *Mira*, 806 F.2d at 637 (internal quotation marks and citation omitted); *Howard*, 932 F.2d at 509.

Plaintiff also appears to set forth two specific objections: (1) that the Magistrate Judge erred in concluding that the ALJ properly analyzed the opinions of Plaintiff's treating physicians, Dr. Kleiber and Dr. Gibson; and (2) the Magistrate Judge erred by "conveniently blam[ing] Plaintiff] for smoking and thus discount[ed] her complaints" and credibility.  (Pl.'s Obj. at 8).

### A.  Treating Physicians' Opinions

Plaintiff argues that the Magistrate Judge erred in concluding that the ALJ properly limited the weight given to Plaintiff's treating physicians, G. Kleiber, D.O. and Miriam Gibson, M.D., because the ALJ improperly substituted his own medical opinion for that of a professional. Plaintiff also argues that the Magistrate erred because the ALJ improperly found Plaintiff's ability to perform a number of daily activities inconsistent with the doctors' opinions.

The Court notes that an opinion of a limitation or disability given by a treating source is entitled to deference and "[i]f the opinion of the claimant's treating physician is well supported

by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record, it must be given controlling weight." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009) (internal quotation marks omitted) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)).  The regulations provide that an ALJ will give controlling weight to a treating source's opinion under the treating-physician rule only if it is both well supported by medically acceptable data and it is consistent with other substantial evidence.  *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013); *see* 20 C.F.R. § 404.1527(c)(2).

However, when an ALJ determines that a treating physician's opinion is not entitled to "controlling weight" the inquiry does not stop.  "[I]n all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference, its non-controlling status notwithstanding." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (citing SSR 96-2p (1996), 1996 WL 374188, at *4).  "[T]he Commissioner imposes on its decision makers a clear duty to "always give good reasons in our notice of determination or decision for the weight we give [a] treating source's opinion." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).  Further, those "good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id*. (quoting SSR 96-2p (1996), 1996 WL 374188, at *5); *see also Gayheart*, 710 F.3d at 376 (citing same).

Here, the ALJ assigned "minimal weight" to the August 2011 assessment of Plaintiff's treating cardiologist, G. Kleiber, D.O., and gave limited weight to the July, 2011 assessment by

6

Plaintiff's treating general practitioner, Miriam Gibson, M.D. (Tr. 18). Plaintiff argues that the ALJ impermissibly relied upon his own medical analysis to override the opinions of her treating doctors because he did not rely upon the opinion of a different consulting or non-examining doctor to "override" the opinions of Kleiber and Gibson. Plaintiff's argument fails.

In the instant action, the ALJ explained his decision to assign minimal weight to Dr. Kleiber's August 2011 assessment of Plaintiff was due to the fact the assessment was not supported by Dr. Kleiber's own progress notes or diagnostic studies. (Tr. 18). The ALJ also properly supported his decision to assign limited weight to Dr. Gibson's July 2011 assessment because it, too, was inconsistent with both her own notes, the medical record, and Plaintiff's own testimony. (Tr. 18). The Magistrate Judge accurately noted that "the treating analysis of Drs. Kleiber and Gibson's assessments is well supported and explained". (Report and Recommendation, at 15).

Plaintiff's objection appears merely to restate the findings of Drs. Kleiber and Gibson without contradicting or addressing the ALJ's inconsistent findings. In determining Plaintiff's RFC, the ALJ took into account the totality of the record and reflected Plaintiff's inability to do more than sedentary work since her cardiac event. The ALJ also discounted the treating source opinions where they contradicted the "rather exhaustive and repeated cardiac workups [that] reflected relatively benign findings" or the doctors' own progress notes. (Tr. 18). Further, the record is full of citations to Plaintiff's continued full-time care of her three young grandchildren and there is no indication that she was unable to perform a wide variety of regular activities. This evidence contradicts both Dr. Gibson's and Dr. Kleiber's opinions that Plaintiff would be unable to perform even low stress work. (Tr. 18).

There is nothing in the record evidencing that the ALJ was substituting his own medical analysis for that of the doctors' opinions. Rather, the ALJ set forth detailed "good reasons" for limiting the weight assigned to the doctors' opinions because both opinions were internally inconsistent and not supported by the medical evidence or Plaintiff's own testimony.

Plaintiff also contends that the Magistrate Judge did not "did not appear to truly understand the holding" in the Sixth Circuit's decision in *Gayheart* despite referencing the opinion in his Report and Recommendation. (Pl.'s Obj. at 3). The Court notes that the Magistrate Judge accurately cited to *Gayheart* for the principle that an ALJ's failure to provide "good reasons" for discounting the weight of a treating-source opinion is reversible error, and that those "good reasons" must be specific enough in the record to make it clear to later reviewers "the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Gayheart*, 710 F.3d at 376 (citation omitted). The Court finds that the Magistrate Judge accurately cited to *Gayheart* for the general principles of the treating source rule. This was not error.

To the extent Plaintiff is attempting to argue that it was error for the Magistrate Judge (and the ALJ) to find that the opinions of Plaintiff's treating physicians were inconsistent with the record of her daily activities, that argument is also without basis. In *Gayheart*, the Sixth Circuit found an "insufficient basis" for limiting a treating source opinion when the ALJ relied on the claimant's testimony regarding his ability to complete certain daily activities when in fact, there was no evidence that any of those daily activities were done on a "sustained basis". *Gayheart*, 710 F.3d at 378. The Sixth Circuit characterized the evidence relied upon by the ALJ in *Gayheart* as "isolated pieces of the record" and "either taken out of context or are offset by

other examples in the record." *Id*. In the instant action, unlike in *Gayheart*, Plaintiff cannot evidence (and does not attempt to argue) that the ALJ focused only on "isolated pieces of the record" or that the ALJ misconstrued her testimony that she "performed self-care tasks, ironed and laundered light clothing, completed basic household cleaning chores, drove at least short distances, shopped, ran errands, attended to family finances, watched television and sewed." (Tr. 18). Indeed, there is no dispute that Plaintiff took care of her multiple, young grandchildren who lived with her. (Tr. 18). Moreover, she was described in August 2010 by Dr. Kleiber as "quite active". (Tr. 410). Plaintiff also testified that she had no help with any of the household chores although her husband "tries" to help. (Tr. 45). In summary, Plaintiff fails to contradict the ALJ's conclusions regarding her ability to complete a plethora of daily activities, and the medical record (which consistently noted that she took care of her grandchildren or her disabled son, and had full range of motion) is consistent with the ALJ's findings and conclusions. Accordingly, Plaintiff's objection is denied.

### B.     Plaintiff's Credibility

Plaintiff also claims the Magistrate Judge erred in finding the ALJ's credibility determination was not supported by substantial evidence because the ALJ cited her continued smoking in support of that credibility determination.

First, the Court notes that it is the in the province of the ALJ to make credibility assessments, not the Court. *Siterlet v. Sec'y of Health and Human Serv.*, 823 F.2d 918, 920 (6th Cir. 1987) ("A reviewing court may not try the case de novo, nor resolve conflicts in the evidence nor decide questions of credibility."); *see also Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (harmless error analysis applies to credibility determinations); *Cruse v.*

*Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (holding "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.'" (citation omitted)). Therefore, an ALJ's credibility determination will only be disturbed for a "compelling reason". *See Sims v. Comm'r of Soc. Sec.*, No. 09-5773, 2011 WL 180789, at *4 (6th Cir. Jan. 19, 2011) (citing *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)).

In this action, the ALJ set forth a variety of reasons (not just the fact Plaintiff continues to smoke) for discounting the Plaintiff's credibility, citing the medical tests that did not "unveil debilitating pathology", Plaintiff's ability to "ambulate well without assistive device" and her "functional full range of motion." (Tr. 17-18). The ALJ also noted that her neurological functions were intact and that the medical record did not support her "expressed level of fatigue". (*Id.*). The ALJ also cited the inconsistency between Plaintiff's testimony that she was not very active and her testimony (and evidence in the medical record) that she continued to care for her young grandchildren and perform a variety of self care tasks and activities. (Tr. 18). Given this record, the Court finds that there is substantial evidence to support the ALJ's credibility determination.

The Court also rejects Plaintiff's argument that she cannot be denied benefits when she failed to quit smoking because there nothing in the record indicating that "she could have returned to work even if she had ceased smoking." (Pl.'s Obj. at 7). As the Magistrate Judge accurately noted, Plaintiff's reliance on *Fraley v. Secretary of H.H.S.*, 733 F.2d 437, 440 (6th Cir. 1984) is misplaced because *Fraley* held (in relevant part) that a claimant's credibility cannot be discounted when she fails to follow a prescribed treatment when there is no evidence that the

proposed treatment "would restore claimant's ability to work." *Fraley*, 733 F.2d at 440. In the instant case, the ALJ held that Plaintiff was disabled prior to her 50th birthday without regard to her continued smoking. Further, there is at least one notation in the medical record linking Plaintiff's continued use of smoking with the exacerbation of heart spasms, "Her problem is she can't get off the cigarettes, we talked to her about this at length. She is cutting down but she hasn't stopped. We tried to explain how they cause spasm and how this will cause more problems down the road. ... Overall I am pleased with her course except for the smoking." (Tr. 352). Therefore, as the Magistrate Judge explained, "to the extent that Plaintiff's claims of limitation can be credited, she had been told by at least one treating source that smoking exacerbated those limitations". (Report and Recommendation, at 17).

Therefore, while Plaintiff argues that the Magistrate Judge and the ALJ "penalize[d]" her for her failure to quit smoking, a clear reading of the Report and Recommendation as well as the ALJ's decision evidences no such penalty. Therefore, the Court denies Plaintiff's objection.

## IV. CONCLUSION

For all these reasons, the Court DENIES Plaintiff's Objections (ECF No. 22), ADOPTS the Report and Recommendation (ECF No. 21); DENIES Plaintiff's Motion for Summary Judgment (ECF No. 13); and GRANTS Defendant's Motion for Summary Judgment (ECF No. 19).

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 2, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 2, 2014.

                                          s/Deborah Tofil
                                          Case Manager